UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>EFRAIN MEZA-LARA,<br><br>               Defendant. | NO. CR-10-6003-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

A pretrial conference occurred in the above-captioned matter on March 11, 2010, in Richland.  Defendant Efrain Meza-Lara was present, represented by Nicholas W. Marchi.  Assistant United States Attorney Alexander C. Ekstrom appeared on the Government's behalf.  Before the Court was Defendant's Motion to Dismiss Indictment (Ct. Rec. 37), which seeks dismissal of the Indictment because the immigration judge erroneously found that Mr. Meza-Lara's drug trafficking conviction was an aggravated felony and therefore wrongfully denied Mr. Meza-Lara Immigration and Nationality Act § 212(c) relief from deportation.  The Government opposes the motion, contending that Mr. Meza-Lara was not eligible to apply for § 212(c) relief because he pled guilty to a drug trafficking crime-an aggravated felony-after the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective.  After

ORDER ~ 1

reviewing the submitted material and relevant authority, the Court is fully informed. For the reasons given below, the Court denies Mr. Meza-Lara's motion to dismiss.

**A.  Background**

Mr. Meza-Lara obtained legal permanent residence status in 1987. On April 24, 1996, AEDPA was enacted; AEDPA eliminated § 212(c) relief for aliens convicted of a controlled substance crime. Prior to AEDPA, an alien convicted of certain controlled substances crimes could seek § 212(c) relief from deportation if he served less than five years imprisonment. 8 U.S.C. § 1182(c) (as enacted prior to Public Law 104-132, April 24, 1996, 110 Stat. 1214).

On May 28, 1996, Mr. Meza-Lara was indicted in Montana federal district court on a multi-count indictment. On August 26, 1996, Mr. Meza-Lara pled guilty to one count of Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine. He was sentenced to thirty-five months on February 6, 1997. On May 27, 1999, an immigration judge entered an order of removal and Mr. Meza-Lara was removed to Mexico that same date.

Mr. Meza-Lara returned to the United States and was charged with the instant Indictment on January 5, 2010, charging illegal reentry in violation of 8 U.S.C. § 1326.

**B.  Authority and Analysis**

In a § 1326 illegal reentry offense, the existence of a prior deportation order is a predicate element. Therefore, a defendant charged with this offense may collaterally attack the underlying deportation order. *United States v. Camacho-Lopez*, 450 F.3d 928, 929 (9th Cir.

ORDER ~ 2

2006). To collaterally attack the prior deportation order, the defendant must establish 1) that he exhausted any administrative remedies that were available to seek relief against the order; 2) improper deprivation of the opportunity for judicial review; and 3) that the entry of the deportation order was fundamentally unfair. 8 U.S.C. § 1326(d). A deportation order is "fundamentally unfair" if 1) the alien's due process rights were violated during the underlying deportation proceeding and 2) he suffered prejudice as a result. *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998); *see also United States v. Ubaldo-Figueroa*, 364 F.3d 1042 (9th Cir. 2004).

Mr. Meza-Lara fails to establish that his due process rights were violated. Mr. Meza-Lara argues that under *INS v. St. Cyr* he was entitled to § 212(c) relief even though he pled guilty to a federal drug trafficking crime after the enactment of AEDPA. 533 U.S. 289 (2001) (ruling that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) did not retroactively apply and therefore held that St. Cyr was eligible to seek § 212(c) relief). This argument fails because *St. Cyr* focused on whether an alien "would have been eligible for § 212(c) relief at the time of their plea *under the law then in effect*." *Id.* at 326 (emphasis added). As noted, AEDPA expanded the scope of "aggravated felony" and eliminated § 212(c) relief for an alien who pled guilty to a drug trafficking crime. *See* 8 U.S.C. § 1101(a)(43)(B) (defining "aggravated felony" as including a "drug crime (as defined in section 802 of Title 21, including a drug trafficking crime (as defined in section 924(c) of Title 18))"); 8 U.S.C. § 942(c)(2) (defining "drug trafficking crime" as "any felony punishable under the Controlled

Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act"). Clearly, Mr. Meza-Lara was not eligible to obtain § 212(c) relief because he pled guilty to Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine – an aggravated felony – after AEDPA's effective date.[1]

Mr. Meza-Lara's reliance on 8 C.F.R. § 1003.44 is likewise unhelpful. Section 1003.44 was enacted in light of the Supreme Court's interpretation of immigration law in *St. Cyr* and allowed aliens who entered a guilty plea before April 1, 1997, to motion for § 212(c) relief no later than April 2005. Section 212(c) Relief for Aliens With Certain Criminal Convictions Before April 1, 1997, 67 FR 52627-01 (proposed Aug. 13, 2002) (later codified at 8 C.F.R. pts 2, 212, and 240). Section 1003.44, however, requires that the alien be "otherwise eligible to apply for section 212(c) relief *under the standards that were in effect at the time the alien's plea was made*, . . . ." 8 C.F.R. § 1003.44(b)(4). At the time Mr. Meza-Lara pled guilty in August 1996, AEDPA had eliminated

---

[1] The Court is cognizant that when Mr. Meza-Lara pled guilty IIRIRA, which eliminated § 212(c) relief in its entirety, had not been enacted: IIRIRA was enacted on September 30, 1996. However, the effective date of IIRIRA has no impact on Mr. Meza-Lara because AEDPA classified a drug trafficking crime as an aggravated felony and, therefore, on the date of his plea in August 1996, Mr. Meza-Lara was ineligible to seek § 212(c) relief.

ORDER ~ 4

§ 212(c) relief for individuals convicted of drug trafficking crimes. Accordingly, Mr. Meza-Lara does not benefit from 8 C.F.R. § 1003.44.[2]

In sum, Mr. Meza-Lara was not eligible to seek § 212(c) relief during the immigration proceeding because he pled guilty to a drug trafficking crime-an aggravated felony-*after* AEDPA was enacted. Therefore, Defendant fails to establish a due process violation; the Court need not engage in a prejudice analysis.

**C. Conclusion**

Accordingly, **IT IS HEREBY ORDERED:** Defendant's Motion to Dismiss Indictment **(Ct. Rec. 37)** is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to all counsel.

**DATED** this ___12th___ day of March 2010.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Criminal\2010\6003.dism.cont.wpd

---

[2] In addition, Mr. Meza-Lara did not explain how he satisfied either § 1003.44's motion-filing deadline or the requirement that he be in the United States when the regulation was enacted. *See Kawashima v. Holder*, 593 F.3d 979, 989 (9th Cir. 2010) (finding that § 1003.44 "imposes strict procedural requirements to qualify for relief").

ORDER ~ 5